## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIA STAPLETON, JUDITH LUKAS, SHARON ROBERTS AND ANTOINE FOX ON BEHALF OF THEMSELVES, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AND ON BEHALF OF THE ADVOCATE PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>ADVOCATE HEALTH CARE NETWORK AND SUBSIDIARIES, *et al.*,<br><br>Defendants. | Civil Action No. 1:14-cv-01873<br><br>**PLAINTIFFS' OPPOSITION TO NON-PARTY THE BECKET FUND FOR RELIGIOUS LIBERTY'S MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*** |

KELLER ROHRBACK L.L.P.
  Lynn L. Sarko
  lsarko@kellerrohrback.com
  Erin M. Riley
  eriley@kellerrohrback.com
  1201 Third Avenue, Suite 3200
  Seattle, WA 98101
  Tel.: (206) 623-1900 / Fax: (206) 623-3384

KELLER ROHRBACK L.L.P.
  Ron Kilgard
  rkilgard@kellerrohrback.com
  3101 North Central Avenue, Suite 1400
  Phoenix, AZ 85012
  Tel.: (602) 248-0088 / Fax: (602) 248- 2822

COHEN MILSTEIN SELLERS & TOLL, PLLC
  Karen L. Handorf
  khandorf@cohenmilstein.com
  Michelle Yau
  myau@cohenmilstein.com
  Mary Bortscheller
  mbortscheller@cohenmilstein.com
  1100 New York Avenue, N.W.
  Suite 500, West Tower
  Washington, D.C. 20005
  Tel.: (202) 408-4600 / Fax: (202) 408-4699

STEPHAN ZOURAS, LLP
  Ryan F. Stephan
  rstephan@stephanzouras.com
  James B. Zouras
  jzouras@stephanzouras.com
  205 North Michigan Avenue, Suite 2560
  Chicago, IL 60601
  Tel.: (312) 233-1550 / Fax: (312)233-1560

*Attorneys for Plaintiffs*

## I.     INTRODUCTION

Plaintiffs submit this Opposition to Non-Party The Becket Fund for Religious Liberty's ("The Becket Fund") Motion for Leave to File Brief *Amicus Curiae* ("Motion for Leave"), ECF No. 43, in support of Defendants' ("Advocate") Motion to Dismiss ("Motion to Dismiss"), ECF No. 34.

Non-party The Becket Fund filed its Motion for Leave in support of Defendants' Motion to Dismiss nearly *two months* after Defendants briefed their Motion to Dismiss and just *three days* before Plaintiffs are due to submit their Opposition. In its proposed *amicus* brief, The Becket Fund purports to address the sole issue of whether Plaintiffs' Class Action Complaint ("Complaint"), ECF No. 1, has asserted a plausible claim that the "church plan" exemption under ERISA would violate the Establishment Clause of the First Amendment if it was interpreted as applying to Advocate, a non-church entity.

The Becket Fund's Motion for Leave should be denied because the Motion is untimely, as Plaintiffs' Establishment Clause claim is a contingent constitutional challenge, and as recognized by the United States, the Court has a duty to resolve Plaintiffs' threshold statutory claims before adjudicating Plaintiffs' Establishment Clause claim. The Becket Fund's Motion for Leave should be denied for the additional following reasons: (1) neither Advocate nor The Becket Fund can reasonably maintain that Defendants are not competently represented in this litigation; (2) The Becket Fund has not demonstrated that it has an interest in any other case that may be affected by this Court's decision of Defendants' Motion to Dismiss; (3) The Becket Fund's proposed *amicus* brief does not present unique information or perspective that can assist the Court in resolving the Motion to Dismiss in a way beyond the abilities of Defendants' litigation counsel; (4) The Becket Fund's proposed *amicus* brief would unfairly prejudice

Plaintiffs as it would effectively extend the page limits permitted for brief in support of Defendants' Motion to Dismiss; and (5) the *amicus* arguments proffered by The Becket Fund have previously been raised and rejected by District Judge Henderson in the Dignity matter (Order denying The Becket Fund for Religious Liberty's motion for leave to file brief *amicus curiae* ("Dignity Order"), *Rollins v. Dignity*, No. 13-1450 (N.D. Cal. Oct. 7, 2013), ECF No. 70).

## II.    ARGUMENT

### A.    Because Plaintiffs' Establishment Clause Claim is Only a Contingent Constitutional Challenge, The Becket Fund's Motion is Untimely.

As Plaintiffs will explain in more depth in their Opposition to Defendants' Motion to Dismiss, to be filed tomorrow, July 31, 2014, this case concerns Defendants' failure to comply with ERISA based on the erroneous claim that the pension plan (the "Plan") sponsored by Advocate, a non-church hospital conglomerate, qualifies as a church plan. The Plan, however, is not a church plan because the plain language of the statute—as supported by its legislative history—requires that a church plan be *established by a church*, *see* ERISA § 3(33)(A), and Defendants do not dispute that the Plan was not established by a church. *See* Memorandum in Support of Defendants' Motion to Dismiss at 12-18, ECF No. 35. For this reason, three of the four federal courts that have recently interpreted the church plan exemption have found that plans established by nonprofit healthcare conglomerates like Advocate are not church plans. *See Rollins v. Dignity Health*, --- F. Supp. 2d ----, No. 13-1450, 2013 WL 6512682, at *7 (N.D. Cal. Dec. 12, 2013) ("a church plan must still be established by a church"); *Kaplan v. Saint Peter's Healthcare Sys.*, No. 13-2941, 2014 WL 1284854, at *5 (D.N.J. Mar. 31, 2014) ("if a church does not establish the plan, the inquiry ends there"); and *Medina v. Catholic Health Initiatives*, No. 13-1249, 2014 WL 3408690, at *10 (D. Colo. July 9, 2014) ("a church plan must be *established* by a church.").

Plaintiffs also allege that even if their statutory argument fails, the Plan still is not a church plan because it is not maintained by a qualifying entity and because Advocate is not

controlled by or associated with a church within the meaning of ERISA. Thus, Plaintiffs'

alternative, as-applied constitutional challenge would be triggered only if the Court interpreted

the statute to permit a non-church entity to establish a church plan and only if the court then

ruled, *as a matter of fact*, that the Plan satisfies the other requirements of the church plan statute.

Notably, although the United States is entitled to intervene in an action when the

constitutionality of a federal statute has been challenged, it has declined to file a brief regarding

Defendants' Motion to Dismiss in light of the contingent nature of Plaintiffs' Establishment

Clause claim. *See* Notice of Intervention of the United States at 2, ECF No. 41. It explained:

> [P]laintiffs have asserted only a contingent constitutional challenge. This Court
> has a duty to resolve Plaintiffs' threshold statutory claims before adjudicating
> their constitutional contention. *See NW. Austin Mun. Util. Dist. No. One v.
> Holder*, 557 U.S. 193, 205 (2009) (noting the "well-established principle" that
> courts normally "will not decide a constitutional question if there is some other
> ground upon which to dispose of the case") (citation omitted). Moreover, it is
> possible that, even if the Court rejects Plaintiffs' statutory arguments, its
> reasoning and analysis will inform resolution of the constitutional question.

*Id*. Accordingly, The Becket Fund's motion is untimely.

**B.    An *Amicus* Brief is Unwarranted In This Case.**

The decision to allow a non-party to file an *amicus curiae* brief is a matter of "judicial

grace," within the sole discretion of the Court. *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d

615, 616 (7th Cir. 2000) (denying motion to participate as *amici*). The Seventh Circuit has

expressly cautioned against *amicus* briefs that do not "assist the judges by presenting ideas,

arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices

for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (motion denied); *Ryan v.

Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term '*amicus

curiae*' means friend of the court, not friend of a party.") (motion denied). "The vast majority of

*amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the

litigants' briefs, in effect merely extending the length of the litigants' briefs. Such *amicus* briefs should not be allowed." *Id*.

Thus, it is firmly established that courts in this circuit will not "grant rote permission to file such a brief." *Voices for Choices*, 339 F.3d at 544. Rather, an *amicus* brief should only be allowed by the Court when: (1) "a party is not represented competently by counsel, or not represented at all"; (2) "the *amicus* has an interest in some other case that may be affected by the decision in the present case"; or (3) "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063; *see also Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (noting that at the trial level, where issues of fact and law predominate, *amicus* briefs are generally inappropriate, as they "inject[] an element of unfairness into the proceedings") (motion denied). None of these limitations are met here.

### 1.      Defendants are Represented Competently by Legal Counsel.

Defendants are represented by competent counsel. The Becket Fund does not argue otherwise; nor do Defendants make any such claim that Advocate is not competently represented in this litigation. Advocate is the largest health care provider in Illinois, with approximately $7.8 billion in assets and approximately $4.6 billion in operating revenues. Complaint ¶ 19. In addition to its own in-house counsel, Advocate is defended in this litigation by a national law firm that employs more than 160 lawyers throughout several offices. To date, five attorneys from two of the firm's offices have made appearances in this action. *See* Notices of Appearance [Courtney A. Adair (ECF No. 22), Amy L. Blaisdell (ECF No. 27), Daniel J. Schwartz (ECF No. 28), Heather M. Mehta (ECF No. 29), David B. Goodman (ECF No. 17)]. Moreover, Advocate's

litigation counsel briefed all issues raised in Defendants' Motion to Dismiss and supporting memorandum (ECF No. 34-35).

**2.      The Becket Fund Has Not Demonstrated That It Has An Interest In Any Other Case That May Be Affected By the Court's Decision on Defendants' Motion to Dismiss.**

The Becket Fund does not identify, or purport to have, an interest in any pending case(s) that may be affected by the Court's decision on Defendants' Motion to Dismiss here. Instead, the Becket Fund asserts vague or hypothetical concern regarding "potential ramifications" this case could possibly have on unidentified "religious institutions and religious believers" should the Court "adopt[] the plaintiffs' Establishment Clause theory and certain other arguments." Motion for Leave at 2-3. This is insufficient under the standard for seeking leave to file an *amicus* brief. Moreover, The Becket Fund fails to demonstrate how the Court's ruling at this stage of the litigation, on a motion to dismiss regarding a contingent, as-applied constitutional challenge—finding only that Plaintiffs have pleaded "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)—could have such far-reaching effects. *See Day v. Blockshopper LLC*, No. 08-4572, 2008 U.S. Dist. LEXIS 94442, at *18 (N.D. Ill. Nov. 13, 2008).

**3.      The Becket Fund's Proposed *Amicus* Brief Merely Restates Defendants' Arguments and Does Not Present Unique Information or Perspective.**

Neither The Becket Fund nor Advocate can credibly argue that The Becket Fund has unique insight or the ability to present unique information—*relevant to the instant Motion to Dismiss*—that is unavailable to counsel and can assist the Court in its decision beyond the abilities of Advocate's competent, experienced litigation counsel. The Becket Fund's claim that its proposed *amicus* brief would provide prospective into "the broader interests of religious

institutions and religious believers" is misplaced, particularly at this juncture. Motion for Leave at 2. Defendants' pending motion does not concern any such "broader interests," but rather, whether Plaintiffs have pleaded sufficient factual matter to state a claim that is plausible on its face. *Ashcroft*, 556 U.S. at 678. Thus, at this juncture, even if The Becket Fund offered a unique perspective—which it does not—any such perspective as to "broader interests" is not pertinent here, and unrelated to this stage of the litigation.

Moreover, The Becket Fund's proposed *amicus* brief should be denied because it does nothing "more than repeat in somewhat different language the arguments in the brief of the party whom the *amicus* is supporting." *Voices for Choices*, 339 F.3d at 545. Although The Becket Fund's proposed brief "contain[s] a few additional citations not found in [Defendants'] briefs and slightly more analysis on some points, essentially [it] cover[s] the same ground" Defendants cover regarding the church plan exemption as applied to Advocate. *Id*. Such emphasis by an *amicus* in favor of one party's analysis is improper and has been roundly rejected by the Seventh Circuit. *See Ryan*, 125 F.3d at 1063.

### 4.     The Becket Fund's Proposed *Amicus* Brief Would Unfairly Prejudice Plaintiffs.

The Becket Fund's proposed *amicus* brief does not provide this Court with an unbiased account of the law, and the Fund is acting simply an advocate for Defendants, not a friend of the Court. Thus, The Becket Fund's proposed *amicus* brief essentially provides Defendants two bites at the apple, and unfairly expands the argument in favor of Defendants' position from thirty pages to forty-five. *See id.* Moreover, the proposed *amicus* brief was filed almost two months after Defendants briefed their Motion to Dismiss, and just three days before Plaintiffs are due to file their Opposition. Thus, if the *amicus* brief is allowed, Plaintiffs will not have had an opportunity to respond and would be unfairly prejudiced.

5.      The *Amicus* Arguments Have Been Raised and Rejected by District Judge Henderson in an Analogous Case

Finally, this litigation is one of several cases currently pending in federal courts, regarding the requirements for the "church plan" exemption under ERISA.[1] The Becket Fund purports to submit its arguments as "a friend of the court," however, it fails to make any mention to this Court that the very same argument it presents here in its motion for leave to file an *amicus* brief in support of Advocate's Motion to Dismiss was previously raised by The Becket Fund— and rejected—in a similar lawsuit pending in the Northern District of California. *See* Motion for leave to file brief *amicus curiae* and brief *amicus curiae* of The Becket Fund for Religious Liberty in support of defendants ("Dignity Motion"), *Rollins v. Dignity*, No. 13-1450 (N.D. Cal. Sept. 26, 2013), ECF No. 65.[2] Judge Henderson rejected The Becket Fund's argument that it should be permitted to file an *amicus* brief to "assist the Court in resolving . . . whether the church plan exemption violates the Establishment Clause of the First Amendment," and denied the motion, finding that "The Becket Fund does not have a particular interest separate from Defendants' . . . and any additional information offered by The Becket Fund is not unique such that it would be helpful to this Court." Dignity Order at 1-2.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectively request that the Court deny The Becket Fund's Motion for Leave to File Brief *Amicus Curiae*. In the alternative, if the Court is inclined

---

[1] The other cases are: *Medina v. Catholic Health Initiatives*, No. 13-1249 (D. Colo.); *Rollins v. Dignity Health*, No. 13-1450 (N.D. Cal.); *Kaplan v. Saint Peter's Healthcare Sys.*, No. 13-2941 (D.N.J.); *Chavies v. Catholic Health East*, No. 13-1645 (E.D. Pa); *Owens v. St. Anthony Medical Ctr., Inc.*, No. 14-4068 (N.D. Ill.); *Overall v. Ascension Health*, No. 14-1735 (E.D. Mich.); *Lann v. Trinity Health Corp.*, No. 14-2237 (D. Md.).

[2] In *Dignity*, as here, The Becket Fund sought leave to file an *amicus* curiae brief in support of defendants' motion to dismiss on the basis that The Becket Fund "believes it can assist the Court in resolving a key issue raised by [the] complaint: whether the church plan exemption violates the Establishment Clause of the First Amendment." *See* Dignity Motion at ii; *Cf.* Motion for Leave.

to grant The Becket Fund's Motion, Plaintiffs respectfully request the opportunity to respond to the arguments therein.

DATED:  July 30, 2014

KELLER ROHRBACK, L.L.P.

By /s/ Ron Kilgard
Ron Kilgard
 rkilgard@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel.: (602) 248-0088
Fax: (602) 248-2822


COHEN MILSTEIN SELLERS
 & TOLL, PLLC

By /s/ Karen L. Handorf
 Karen L. Handorf
 khandorf@cohenmilstein.com
 Michelle Yau
 myau@cohenmilstein.com
 Mary Bortscheller
 mbortscheller@cohenmilstein.com
 1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

KELLER ROHRBACK, L.L.P.

By /s/ Erin M. Riley
 Lynn Lincoln Sarko
 lsarko@kellerrohrback.com
 Erin M. Riley
 eriley@kellerrohrback.com
 1201 Third Avenue, Suite 3200
Seattle, WA 98101
 Tel.: (206) 623-1900
 Fax: (206) 623-3384


STEPHAN ZOURAS, LLP

By /s/  James B. Zouras
 James B. Zouras
 jzouras@stephanzouras.com
 Ryan F. Stephan
 rstephan@stephanzouras.com
 205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
Tel.: (312) 233-1550
Fax: (312) 233-1560


*Attorneys for Plaintiffs*

9

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **Plaintiffs'**

**Opposition to Non-Party The Becket Fund For Religious Liberty's Motion for Leave to File**

**Brief** *Amicus Curiae* to be served upon the following on July 30, 2014, by the United States

District Court's ECF system:

GREENSFELDER, HEMKER & GALE, P.C.
David B. Goodman
 dbg@greensfelder.com
Courtney A. Adair
 cadair@greensfelder.com
200 West Madison Street, Suite 2700
Chicago, IL 60606

GREENSFELDER, HEMKER & GALE, P.C.
Amy L. Blaisdell
 apb@greensfelder.com
Daniel J. Schwartz
 djs@greensfelder.com
Heather M. Mehta
 hmm@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, MO 63102

*Attorneys for Defendants*

Thomas M. Leinenweber
 thomas@ilesq.com
LEINENWEBER BARONI & DAFFADA LLC
203 North LaSalle Street, Suite 1620
Chicago, IL 60601

*Counsel for Amicus Curiae The Becket Fund for Religious Liberty*

I hereby certify that I caused the foregoing to be served upon the following on July 30, 2014, by

email and U.S. Mail.

Thomas C. Berg
 tcberg@stthomas.edu
Univ. of St. Thomas Religious Liberty Clinic
MSL 400, 1000 LaSalle Ave.
Minneapolis, MN 55403-2015

Eric Rassbach
 erassbach@becketfund.org
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, DC 20007

*Counsel for Amicus Curiae The Becket Fund for Religious Liberty*

By:  s/ *Cathy A. Hopkins*
  Cathy A. Hopkins, Legal Assistant