UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA STAPLETON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ADVOCATE HEALTH CARE NETWORK AND )<br>SUBSIDIARIES, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:14-cv-01873<br><br>Hon. Edmond E. Chang |

## ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), set forth in Plaintiffs' Class Action Complaint dated March 17, 2014, with respect to the Advocate Health Care Network Pension Plan (the "Advocate Plan" or the "Plan").[1] The Parties entered into a Class Action Settlement Agreement dated February 16, 2018, which was filed on February 16, 2018 ("Settlement" or "Settlement Agreement").

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order") dated February 26, 2018, preliminarily certifying the putative class in this Action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for June 27, 2018, at 10:00 a.m. CDT, and providing the members of the Settlement Class with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on June 27, 2018, at 10:00 a.m. CDT, to determine whether to give final approval to the proposed settlement.

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

1

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all members of the Settlement Class.

2. The Class this Court previously certified preliminarily in its Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2). The Class consists of:

> All persons who, as of the Settlement Date, are or were Plan participants, whether vested or non-vested, and their beneficiaries.

The "Settlement Date," as defined at § 1.27 of the Settlement Agreement, is the date on which this Order and Final Judgment becomes Final, as "Final" is defined at § 1.15 of the Settlement Agreement.

3. The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6. Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that Plaintiffs Maria Punda, (formerly known as Maria Stapleton), Judith Lukas, Sharon Roberts, and Antwain Fox (named as "Antoine Fox" in the Complaint) are members of the Settlement Class, their claims are typical of those of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Maria Punda, Judith Lukas, Sharon Roberts, and Antwain Fox as Settlement Class representatives.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll PLLC as Class Counsel to represent the members of the Settlement Class.

8. The appointment of Class Counsel and the appointment of the Named Plaintiffs as Settlement Class representatives are fully and finally confirmed.

9. The Court directed that Class Notice be given pursuant to the Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed Notice Program: (1) On or before March 28, 2018, Class Counsel posted the Settlement Agreement and Class Notice to the Settlement websites: www.kellersettlements.com and www.cohenmilstein.com/advocate-settlement; (2) on March 28, 2018, the Settlement Administrator, Rust Consulting, mailed 61,642 copies of the Class Notice to members of the Settlement Class; (3) on or about April 4, 2018, Rust Consulting mailed 1,015 additional copies of the Class Notice to subsequently identified members of the Settlement Class; and (4) on or about April 12, 2018, Rust Consulting mailed 2,985 additional copies of the Class Notice to subsequently identified members of the Settlement Class.

10. The Class Notice advised members of the Settlement Class of: the terms of the Settlement; the Fairness Hearing and the right to appear at such Fairness Hearing; the inability to opt out of the Settlement Class; the right to object to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses; the procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

11. The Notice Program met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that the Notice Program approved by the Court complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that the form of notice was concise, clear, and in plain, easily understood language, and was reasonably calculated to apprise of the pendency of the Action; the claims, issues and defenses of the Settlement Class; the definition of the Settlement Class certified; the right to object to the proposed Settlement; the right to appear at the Final Fairness Hearing, through counsel if desired; and the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

12. The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

    a) The Settlement provides for significant benefit to the Plan and provides substantial financial and procedural protections for payment of Accrued Benefits to the Settlement Class.

      b)      The Settlement provides for significant financial benefit to certain unvested participants in the Plan.

      c)      The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third party mediator, Mr. Robert Meyer, Esq. The Settlement is not the result of collusion.

      d)      The negotiations were supported by a robust investigation before commencement of the Action; review of financial statements, corporate records, and other documents publicly available and/or produced by Defendants; the production and review of confidential documents protected by Fed. R. Evid. 408 during mediation discovery; and the U.S. Supreme Court's decision on statutory issues in this case.

      e)      Approval of the Settlement will result in substantial savings of time, money, and effort for the Court and the Parties and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations, and raised various factual and legal arguments in support of their vigorous defense in this Action. Accordingly, the Settlement shall be and hereby is approved and is given binding effect.

13.      All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

14.      This Settlement, this Judgment, and/or the fact of Settlement does not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by any party of any fact, matter, or position of law; and all Parties

shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15. "Releasees" shall mean: Advocate Health Care Network, all entities that are considered to be a single employer with Advocate Health Care Network under Internal Revenue Code § 414, the Benefit Plan Administrative Committee for Church Plans of Advocate Health Care Network ("Church Plan Committee") and members of the Church Plan Committee, the Compensation and Benefits Committee of the Board of Directors of Advocate Health Care Network ("Compensation Committee"), members of the Compensation Committee, Kevin Brady, and the employees, agents, directors, members, insurers and legal representatives of the entities or persons mentioned in this Section.

16. "Released Claims" shall mean: any and all claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs arising out of the allegations of the Complaint by any member of the Settlement Class, except that Released Claims are not intended to include the release of any of the following:

(a) Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement;

(b) Individual claims for benefits brought under state law, provided that no Settlement Class member shall challenge the Plan's status as a church plan exempt from ERISA in any such claim;

(c) Any claim arising under ERISA with respect to any event occurring after there is a final adjudication that the Plan is no longer a Church Plan.

17. It is further ordered that, subject to § 9 of the Settlement Agreement as to termination of the Settlement Agreement, upon the Effective Date of Settlement, Named Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Plaintiffs or the Settlement Class have. The Settlement Class covenants and agrees: (i) not to file against any of the Releasees any claim based on, related to, or arising from any Released

Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

18. It is further ordered that, subject to § 9 of the Settlement Agreement as to termination of the Settlement Agreement, upon the Effective Date of Settlement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiffs, the Settlement Class, and Plaintiffs' Counsel from any and all claims relating to the institution or prosecution of the Action.

19. Class Counsel is hereby awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of $ 1,022,726.61, which the Court finds to be fair and reasonable, and $187,273.39 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid by Defendants, pursuant to the terms of the Settlement Agreement. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

20. Named Plaintiffs Maria Punda, Judith Lukas, Sharon Roberts, and Antwain Fox are hereby awarded Incentive Payment Awards in the amount of $10,000.00 each, which the Court finds to be fair and reasonable. Incentive Payment Awards so awarded shall be paid by Defendants, pursuant to the terms of the Settlement Agreement.

21. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement and all matters ancillary thereto.

22. The Court hereby dismisses with prejudice the Action and all Released Claims identified in § 3.1 of the Settlement against each and all Released Parties and without costs to any of the Parties as against the others, except to the extent any costs are included in the Court's award of expenses in paragraph 19 hereof.

23. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

DATED this 27th day of June, 2018.

*Edmond E. Chang*

———————————————
Hon. Edmond E. Chang
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF ILLINOIS